410 A.2d 329

**COMMONWEALTH of Pennsylvania**

v.

**Eugene SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Sept. 14, 1979.

. John A. DiCicco, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*,[1] that the lower court erred in granting the Commonwealth's petition for an extension of time pursuant to Pa.R.Crim.P. 1100(c) and in denying his motion to dismiss the charges against him pursuant to Pa.R.Crim.P. 1100(f). We agree and, accordingly, vacate the judgment of sentence and discharge appellant.

On May 26, 1977, the Plymouth Township Police Department filed a written complaint charging appellant with burglary, theft, receiving stolen property, and criminal conspiracy. Trial did not begin until February 9, 1978, 259 days after the complaint was filed. On October 26, 1977, appellant's attorney was granted a continuance for three weeks

---

1. Because of our disposition of the Rule 1100 issue, we need not consider the other issues raised by appellant.

because he would be on vacation. On November 22, 1977, the Commonwealth filed a petition for an extension of time under Pa.R.Crim.P. 1100(c). The Commonwealth stated in support of its petition that this case was scheduled for trial on September 15, 1977, that on the first day of that month the criminal case inventory in Montgomery County numbered 1,150, and that only four judges were assigned to hear criminal trials during the week the case was scheduled for trial. On November 28, 1977, appellant filed a petition to dismiss the charges under Pa.R.Crim.P. 1100(f). On December 13, 1977, the lower court held a hearing on both petitions. The Commonwealth presented no evidence at the hearing. The prosecutor stated that the instant case had been listed on the scheduling board as his next case during the week of October 24, 1977, and that if appellant's attorney had not obtained a continuance, the case would have been tried no later than the week of October 31, 1977. The prosecutor attempted to explain the failure to try the case after the three week continuance by stating that after a case has been removed from the scheduling board, the court administrator tries to fit it in, but it does not automatically become that prosecutor's next case to be tried.

After the hearing, the lower court denied appellant's petition to dismiss and granted the Commonwealth a 60 day extension of time. Following a jury trial, appellant was convicted of burglary and conspiracy. The lower court denied appellant's post-trial motions and sentenced him to four to ten years imprisonment on the burglary charge and five years probation on the conspiracy charge. This appeal followed.

 Rule 1100 requires the Commonwealth to commence trial within 180 days of the filing of the written complaint. Pa.R.Crim.P. 1100(a)(2). Defendant must be discharged unless any period of delay beyond 180 days is either excluded under Rule 1100(d) [2] or properly extended by a court order

2. Rule 1100(d) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability

under Rule 1100(c).[3] Where a continuance is granted to defendant's attorney because of his unavailability, the entire period of the continuance is excludable under Rule 1100(d)(1) if it delays commencement of trial. *Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978). Judicial delay may justify granting an extension of time under Rule 1100(c). *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). One instance in which an extension may be granted because of judicial delay is "where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." *Commonwealth v. Shelton, supra*, 469 Pa. at 18, 364 A.2d at 699. In *Commonwealth v. Mayfield, supra*, our Supreme Court stated: "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50. "[T]he Commonwealth bears the burden of proving its own diligence." *Commonwealth v. Jenkins*, 248 Pa.Super. 300, 305, 375 A.2d 107, 109 (1977). "When a case has possible Rule 1100 problems, prosecutors

of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

**3.** Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Smith*, 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). "The prosecutor and the court administrator are both responsible for management of the court calendar." *Commonwealth v. Metzger*, 249 Pa.Super. 107, 115, 375 A.2d 781, 785 (1977).

In the instant case, the Commonwealth argues that appellant's attorney's three-week absence justifies granting an extension under Rule 1100(c). However, because this period is excludable from the 180 day computation under Rule 1100(d)(1), *Commonwealth v. Smith, supra*, 262 Pa.Super. at 263, 396 A.2d at 746, it does not constitute grounds for an extension. Thus, appellant's trial should have commenced by December 13, 1977, unless there were grounds for an extension under Rule 1100(c). Although the Commonwealth indicated the criminal case inventory as of September 1, 1977, it presented no evidence of the number of criminal cases pending between September 1, 1977, and December 13, 1977. The only explanation for the Commonwealth's failure to try appellant after appellant's attorney returned from vacation was the prosecutor's statement that after a continuance, the court administrator does not automatically place the case at the top of the assignment board as the prosecutor's next case. The Commonwealth has not shown that it did "everything reasonable within [its] power to see that the case is tried on time." *Commonwealth v. Smith, supra*, 477 Pa. at 428, 383 A.2d at 1282. Because both the prosecutor and the court administrator are responsible for managing the court calendar, *Commonwealth v. Metzger, supra*, the Commonwealth did not meet its burden of showing due diligence by blaming the court administrator's scheduling for its failure to try appellant on time. Therefore, an extension should not have been granted to the Commonwealth under Rule 1100(c).

Judgment of sentence vacated and appellant discharged.

CERCONE, President Judge, concurs in the result.

WATKINS, J., notes dissent.