414 A.2d 130

**COMMONWEALTH of Pennsylvania,**

v.

**Clifton X. BERRY, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Nov. 2, 1979.

Jonathan A. Briskin, Bryn Mawr, for appellant.

Sandra L. Gross, Assistant District Attorney, Media, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

After a jury trial, appellant was convicted of robbery,[1] possession of instruments of crime,[2] theft by unlawful taking,[3] and conspiracy.[4] Appellant's post-trial motions were denied, and he was sentenced to a term of imprisonment totalling from twenty-three to fifty-nine months.

Appellant raises numerous contentions on appeal,[5] one of which is that his right to a speedy trial under Pa.R.Crim.P. 1100[6] was violated. We are constrained to agree with appellant, and therefore vacate the judgment of sentence and order him discharged.[7]

The pertinent facts are as follows. A written complaint was filed against appellant on July 23 1976, charging him with the robbery of the KYJ Bakery in Chester, Pennsylva-

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 907.

3. 18 Pa.C.S. § 3921.

4. 18 Pa.C.S. § 903.

5. In addition to his Rule 1100 claim, discussed *infra*, appellant raises the following contentions: (1) that the trial court erred by: (a) admitting testimony referring to and tainted by an improper identification procedure; (b) allowing the prosecution in its opening statement and case-in-chief to infer prior criminal conduct on appellant's part; and (c) giving an improper charge to the jury; and (2) that his right of confrontation was denied.

6. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

7. Because we find appellant's Rule 1100 claim to be meritorious, consideration of the other claims appellant raises on appeal is unnecessary.

nia. Trial was initially scheduled to begin on October 19, 1976, but the Commonwealth, with court approval, advanced this date to October 12, 1976. Due to the unavailability of courtrooms, the case was continued on October 12, with the new date for trial being set for November 22, 1976. Appellant filed an application with the court of common pleas for reconsideration of an order denying a previous suppression motion he had made. A rule was issued that same day staying all proceedings and scheduling a hearing for December 13. On November 22, a continuance to December 13 was granted at appellant's request. The Commonwealth notified the trial court on December 13 that it was unprepared to proceed with the hearing on appellant's application; the hearing was rescheduled to January 26, 1977. On December 16, 1976, the court continued appellant's trial date to February 1, 1977, and it also granted the Commonwealth's December 15 petition [8] to extend the run time under Rule 1100. The new run date established was February 4, 1977. Appellant was granted a continuance on February 1, and the case was continued to February 3. After a hearing on February 4, the Commonwealth's second petition to extend was granted, and the new run date established was March 4, 1977. On February 28, appellant requested another continuance and executed a waiver of his Rule 1100 rights until April 11; [9] trial was rescheduled to this latter date. Trial did com-

8. An ex parte hearing was held on this petition; appellant contends that he did not receive a copy of the petition, nor did he have notice of the hearing.

9. The waiver appellant signed reads as follows:
"WAIVER OF RULE 1100
1. Defendant, having been fully advised by Counsel of all of his or her rights pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure, hereby waives all such rights and Counsel for Defendant and Defendant acknowledge that the appropriate Request For Continuance form has been signed and a new trial date set.
2. Defendant and Counsel for Defendant acknowledge and agree that the period from the date of the signing of the Request For Continuance from, 2/28 1977 to the new trial date 4/11/77 are [sic] to be excluded from computing the One Hundred and Eighty day period pursuant to Rule 1100."

mence on that date, the 262nd day after the filing of the criminal complaint in this case.

Under the precept of Rule 1100, the Commonwealth had 180 days from the filing of the complaint, or until January 19, 1977, to bring appellant to trial, barring any periods of time excluded under section (d)[10] of the rule, or any extensions granted to the Commonwealth under section (c)[11] of the rule. Our review of the record discloses no excludable time prior to the run date of January 19, 1977.

Appellant obtained a continuance from November 22, 1976, to December 13, 1976, a total of twenty-one days. Since this continuance was of less than thirty days duration, no time is excludable under the rule. *See* Pa.R.Crim.P. 1100(d)(2). On December 13, the case was further continued to February 1, 1977, due to the Commonwealth's unpreparedness for the hearing on appellant's application for reconsideration. The court of common pleas implied that the delay caused by this second continuance was the responsibility of appellant and as such should be charged against him.[12] Such a conclusion is unsupportable in law. The delay

10. Section (d) provides that:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded[.]"

11. Section (c) provides that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

12. In his opinion dated June 8, 1978, the Honorable Joseph W. de Furia stated:

from December 13 to February 1 was caused by a combination of the Commonwealth's unpreparedness with respect to appellant's application for reconsideration and by the unavailability of the suppression hearing judge. Although the latter may be a reason supporting the granting of a petition to extend, neither reason would support a finding of excludable time under section (d) of the rule. *See, e. g., Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979).

■ The Commonwealth twice was granted extensions of the run time for Rule 1100 purposes. The first of these extensions, which established the new run date as February 4, 1977, was granted, appellant contends, without benefit of notice to him and after an ex parte hearing. Appellant asserts that this practice violated the procedural requirements of Rule 1100 and denied him the right to assistance of counsel. Appellant also maintains that the December 15th petition to extend was not supported by a showing of due diligence by the Commonwealth and therefore was improperly granted. We agree that the December 15 petition was improperly granted, thereby making it a nullity. With the run time for Rule 1100 left unaltered, the Commonwealth had until January 19, 1977, to bring appellant to trial. Since trial did not commence by that date, appellant's Rule 1100 rights were violated, and we must thus vacate the judgment of sentence and discharge appellant.

■ Rule 1100(c) provides that applications by the Commonwealth to extend the run time shall be granted "only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." In the past, this court and our supreme court have stressed the impor-

"In our view, the Defendant's request to stay all proceedings, to have the Suppression Order reconsidered and to have a second Suppression hearing are the prime causes for the postponement of Defendant's trial so that it was not commenced within the original one hundred eighty (180) day period. It is noteworthy that the Commonwealth was prepared for trial on October 12, 1976, November 22, 1976, and December 13, 1976.

Therefore, the denial of the Defendant's Application to Dismiss on the grounds of Rule 1100 was proper and is affirmed." *Commonwealth v. Berry,* 65 Del.Co. 494, 497 (1978).

tance of having a record showing of due diligence by the Commonwealth. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Warman*, 260 Pa. Super. 143, 393 A.2d 1046 (1978); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977).

"Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield, supra*, 469 Pa. at 222, 364 A.2d at 1349–1350.

The entire transcript of the ex parte "hearing" conducted on December 16, 1976, consists of the following:

"COURT ADMINISTRATOR: In the case of Clifton Berry, new trial date for this case will be January the 2nd—I'm sorry, February 1st.[13]

MR. BREEN [Assistant District Attorney]: I would request an extension in both of Clifton Berry's cases. It expires January 4th.

THE COURT: In this case I find that there are no jury rooms available for the trial of this case. Preference has been given to jailed defendants. This case will not be able to be reached because there are no jury trial rooms available, and extends the case to February 4, 1977."

■ In reviewing a hearing court's ruling that the Commonwealth has met its burden of showing compliance with Rule 1100(c), we consider only the evidence presented by the Commonwealth and so much evidence that, as fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826

---

13. "February 1st" actually refers to the last day of the December 13 continuance granted to the Commonwealth. The run date for Rule 1100 purposes was January 19.

(1977). In this endeavor, a judicially conceived justification for extension cannot serve as a substitute for the Commonwealth's affirmative duty under *Ehredt. Commonwealth v. Miller*, 270 Pa.Super. 178, 411 A.2d 238 (1979). We find that the Commonwealth failed to make a record showing of due diligence. The procedure followed in the instant case is woefully inadequate when measured by the standards set forth in section (c) of Rule 1100 and in *Commonwealth v. Mayfield, supra,* and its progeny. As a result, we must view the December 16 order granting the Commonwealth an extension of time to February 4, 1977, as a nullity. *See Commonwealth v. Warman, supra.* Left unaltered, the run date for Rule 1100 purposes was January 19, 1977, and because trial did not commence by that date, appellant was entitled to discharge under the rule. Viewed in this light, it was error for the court of common pleas to grant an extension on the Commonwealth's untimely petition filed on February 3, *see Commonwealth v. Ellison*, 249 Pa.Super. 339, 378 A.2d 325 (1977), and it was also error for the court to dismiss appellant's timely petition to discharge filed on April 11, 1977.

Accordingly, we vacate the judgment of sentence and order appellant discharged.