417 A.2d 733

**COMMONWEALTH of Pennsylvania**

v.

**Diane Lucille GOTTSCHALL, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 28, 1979.

Filed Dec. 28, 1979.

Peter T. Campana, Williamsport, for appellant.

Robert F. Banks, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

450

Before HOFFMAN, EAGEN and HESS, JJ.*

HESS, Judge:

Diane Gottschall was adjudged guilty by a three judge panel of murder of the third degree, attempt to conceal the death of a bastard child and incest, allegedly involving a fourteen-year-old brother. She was sentenced to confinement on the incest charge and given suspended sentences and probation on the other charges. There are four allegations of error.

Appellant contends that the charges should be dismissed because of a violation of Pennsylvania Rule of Criminal Procedure 1100 relating to extending the 180-day rule for trial of criminal cases. Complaint was filed August 18, 1975. Delay was occasioned by reason of necessity for mental examination, study and report. An order granted on February 2, 1976, allowing an extension for trial until the end of March 1976 session is not questioned. Prior to the expiration of that extension appellant waived a jury trial and the trial court, after hearing, suppressed appellant's statements. On March 30, 1976, a second extension was granted so that the Commonwealth could appeal the unfavorable suppression order, and the extension was granted "until thirty days after Pennsylvania Supreme Court disposes of Commonwealth appeal." The appeal was filed on March 31, 1976.

It was not until February 28, 1977, that the parties were notified that the transcript of the court reporter was lodged and on April 14, 1977 it was filed of record. Time was consumed by plea bargaining during the pendency of the appeal. Thereafter the Commonwealth decided to discontinue the appeal, and on June 1, 1977, such action was taken. On June 21, 1977, a third extension was granted to the Commonwealth and it was ordered that trial take place before the end of July 1977. On July 22, 1977, appellant

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

filed a motion to dismiss for Rule 1100 violation. Trial was held July 25–27, 1977.

Appellant contends that the second and third extensions should not have been granted. It is alleged that the suppression rulings were correct, and that the appeal amounted to an unreasonable delay. The fact that the appeal was discontinued would appear to support that contention. The Commonwealth submits that a decision on the appeal could only be made after the record was transcribed, and that prompt action was taken once the record was available for consideration. We support the Commonwealth position. To say the least, the case on its facts was most unfortunate and unusual. The Commonwealth has the right to interlocutory appeal of an unfavorable pretrial ruling that is crucial to its case, *Commonwealth v. Barnett*, 471 Pa. 34, 369 A.2d 1180 (1977). The fact that it later chose to discontinue the appeal, in our opinion, does not indicate undue delay.

Although no disposition was made by the Supreme Court, discontinuance of the appeal on June 1, 1977, would apparently require trial before July 1, 1977, under the provisions of the extension. A further delay was requested and allowed because no non-jury dates were available and no visiting judges were available for the remainder of the month. Three visiting senior judges were secured and the case was tried in July. Considering all the factors along with the time lost for consideration of plea bargaining, we are satisfied that the record warrants a finding of due diligence; that the three extension orders were justified; and that the petition to dismiss the charges was properly denied. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1977).

Appellant alleges that the Commonwealth has failed to prove beyond a reasonable doubt that she was sane at the time of the alleged offenses. The defense produced a psychiatrist and corroborating testimony that appellant was schizophrenic at the time of the incident. The Commonwealth produced a psychiatrist who responded, although

somewhat ambivalently, to hypothetical questions. Regardless of his testimony, there was sufficient lay testimony to find appellant legally sane in accordance with the age-old M'Naghten Rule. The trial court was satisfied that sanity had been established, but did conclude that "diminished responsibility" precluded a finding of intent necessary for murder of the first degree. We agree. Lay testimony may be sufficient to establish sanity of a defendant who has offered expert testimony to the contrary. *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974).

■ Complaint is made that the trial court refused a motion to quash Counts II and III, which are joined with Count I, a charge of murder, in violation of Pa.R.Crim.P. 228(a). While denying the motion, the court allowed the defense to move for a severance, which action it did not elect to take. This ruling was made to comply with 18 Pa.C.S.A. Sec. 110, which requires all charges arising out of the same criminal episode to be brought in a single proceeding. Under the circumstances, we are satisfied that the court acted justly and properly in view of presently existing confusion in the rules and statutes to which we have referred and the requirements of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973).

■ Finally, it is contended that the evidence does not permit a conviction of a criminal attempt to conceal the death of a bastard child. After giving birth to the child, the woman put it in a paper bag, took it outside the house to a burner barrel, obtained matches, returned to the barrel and ignited the child. Appellant's mother observed blood, went to the barrel and found the baby inside crying. The baby was taken to a hospital and died two days later of burns. The trial court reasoned that the act of igniting the child evidenced an intent to conceal its death because the natural tendency of the act would be to reduce the body to ashes. We disagree. The facts indicate rather an intent to conceal the birth of the child. No steps were taken to insure that the baby would be completely incinerated, and the child did live for two days. The present case is quite different on its facts from the case of *Commonwealth v. Hessler*, 39 Pa.Su-

per. 115 (1909), in which case the evidence was ruled sufficient to support a conviction. In *Hessler* defendant admitted that "she intended to carry the child away and bury it," 39 Pa.Super. at 116.

Judgment reversed on the charge of criminal attempt to conceal the death of a bastard child and appellant discharged. As to remaining counts, judgments of sentence affirmed.

EAGEN, J., files a concurring opinion.

HOFFMAN, J., files a dissenting opinion.

EAGEN, Judge, concurring:

I join in the opinion of the court and write only to point out that Pa.R.Crim.P. 1100 was never intended to dictate to our courts that they must hear criminal cases prior to civil cases as the dissenting opinion suggests. The requirements of *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), have been met instantly and *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979), is inapposite because there no evidence was presented as occurred instantly.

HOFFMAN, Judge, dissenting:

Because I believe that the lower court erred in granting the Commonwealth's last-requested extension of time for commencement of appellant's trial under Pa.R.Crim.P. 1100(c), I dissent from the opinion of the majority and would order appellant discharged.

The lower court twice granted extensions of the time for commencement of appellant's trial by orders which are not challenged on this appeal.[1] The Commonwealth had sought the second extension because it intended to appeal an order of the lower court suppressing certain statements which appellant had made to state troopers. Pursuant to the order of the lower court dated April 5, 1976, the time for commencement of appellant's trial was extended until "thirty days following the final disposition by the Pennsylvania

---

1. The majority incorrectly states that appellant challenges the grant of the second extension. 273 Pa.Super. 451, 417 A.2d at 734. While

Supreme Court of" the Commonwealth's appeal of the suppression order. In late May of 1977, the Commonwealth elected to discontinue its appeal of the suppression order, and on June 1, 1977, the Prothonotary of the Supreme Court formally noted the discontinuance of the appeal. Accordingly, the new Rule 1100 run date was thirty days from June 1, 1977, *i. e.*, July 1, 1977. Although appellant's case was scheduled for trial in early June, 1977, the case was removed from the trial list because appellant was temporarily unrepresented.[2] On June 15, 1977, the Commonwealth filed a petition pursuant to Rule 1100(c) seeking a third extension of time for commencement of trial. The basis of the Commonwealth's petition was that appellant's case could not be rescheduled for trial by the July 1 run date. On June 21, 1977, the lower court conducted a hearing on the Commonwealth's extension petition. At that hearing the Commonwealth called as its only witness Anthony A. Wernert, the Court Administrator of the Lycoming County Court of Common Pleas. Mr. Wernert testified that the only Lycoming County judge who could hear appellant's case[3] had a full trial schedule through June, 1977. Mr. Wernert was not asked, nor did he indicate in any way, whether the cases listed ahead of appellant's were civil or criminal. Mr. Wernert testified additionally that no visiting judges were available to hear the case by the July 1 run date, and that the earliest time at which trial could be commenced was the last

appellant's brief does challenge the bona fides of the Commonwealth in taking the appeal which necessitated the second extension, appellant does not directly contend that the lower court erred in granting that extension.

2. Appellant had been represented by present counsel as Public Defender prior to June, 1977. Her lack of representation in early June appears to be attributable, at least in part, to confusion in the Public Defender's office engendered by the long delay attending the Commonwealth's appeal of the suppression order. Present counsel was immediately reassigned to the case in mid-June, when appellant reapplied for a Public Defender.

3. There are only two judges of the Court of Common Pleas of Lycoming County. One of those judges, the Honorable THOMAS C. RAUP, had recused himself because he had presided over the suppression hearing in this case.

week of July, 1977. Based on this evidence, the lower court extended the Rule 1100 run date until "the end of July, 1977." Appellant has challenged that extension on this appeal.[4]

Our Supreme Court has stated that

the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; *provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.*

*Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976) (emphasis added).

In the present case, the record shows nothing more than the Court Administrator's bare assertion that the existing trial schedule would not permit the commencement of appellant's trial within the Rule 1100 period. There was no evidence whatsoever before the lower court concerning the nature of the cases scheduled ahead of appellant's. Certainly, if the Commonwealth had shown that the cases ahead of appellant's faced impending Rule 1100 deadlines, then the lower court could have correctly concluded that unavoidable judicial delay necessitated an extension in appellant's case. On the other hand, if the evidence had shown that civil cases or criminal cases without Rule 1100 problems preceded appellant's, then the lower court could have ordered a rescheduling of trial times to accommodate appellant's case within the Rule 1100 period. *Commonwealth v. Mayfield, supra,* 469 Pa. at 221–22, 364 A.2d at 1349. Based on the meager evidence presented, however, the lower court had no way of knowing whether the cases ahead of appellant's faced im-

---

4. Appellant's failure to timely file a petition for dismissal of the charges pursuant to Pa.R.Crim.P. 1100(f) is not fatal to her present challenge of the June 21, 1977, extension. "When an extension of time is granted until a certain date, and the case is tried prior to that date, a motion to dismiss under Rule 1100(f) would be a futile gesture." *Commonwealth v. Coleman,* 477 Pa. 400, 408 n.2, 383 A.2d 1268, 1272 n.2 (1978) (plurality opinion).

pending Rule 1100 deadlines or even whether they were criminal cases.[5] In *Commonwealth v. Ehredt*, 485 Pa. 191, 195, 401 A.2d 358, 360–61 (1979), our Supreme Court, in an opinion by Chief Justice EAGEN, held that "a bare statement by the Commonwealth's attorney that several witnesses are 'unavailable,' without more, does not establish 'due diligence'" by a preponderance of the evidence. *See also Commonwealth v. Smith*, 477 Pa. 424, 383 A.2d 1280 (1978); *Commonwealth v. Bayani*, 261 Pa.Super. 369, 396 A.2d 443 (1978). In the present case, the Court Administrator's bare assertions of a full court schedule, without more, are equally insufficient to prove the Commonwealth's due diligence in commencing appellant's trial within the prescribed period. Accordingly, I would hold that the lower court erred in granting the extension and would discharge appellant because her trial did not commence within the period specified by Rule 1100.

5. The Commonwealth attempted to supplement the record for Rule 1100 purposes at a hearing conducted two months *after* appellant's trial was concluded. The evidence presented at this unusual post-trial hearing is, of course, irrelevant to a determination of whether the Commonwealth presented sufficient evidence to warrant the requested extension before the extension was granted. It is noteworthy, however, that at the supplementary hearing, the Court Administrator revealed that several of the cases scheduled ahead of appellant's were civil matters.