## Commonwealth v. Wilson

*Shelly Robbins-New,* for Commonwealth.
*Michael Kelly,* for defendant.

HALBERT, *J.,* July 18, 1980—This is an appeal from this court's denial of defendant's post-trial motions and from its imposition of sentence totaling five to ten years incarceration. Defendant, after waiving a jury trial, was found guilty of aggravated assault, possession of an instrument of crime, generally, and carrying a firearm on a public street.

On January 25, 1978, at about 1:50 a.m., Roger Poindexter, the complainant, was in his home at 6211 Clearview Street in Philadelphia, Pa., when he heard a tapping at his front door. He descended the stairs and pulled the shade away from the top "picture window" portion of the door and immediately observed defendant, Craig Wilson, and another individual, Jeffrey Ruff, who was holding open the screen door. He next saw three bright flashes coming from defendant's hand, i.e., three gun shots. Poindexter was struck in the upper inside portion of his left arm, in the ulnar region, by one of the bullets.

The Philadelphia police were summoned to the scene and Poindexter was taken to the German-

town Hospital for treatment. He remained there for one week. As a result of the shooting, Poindexter suffered considerable pain, has lost the use of one of his fingers, and still experiences constant pain in part of his arm and hand.

This court was convinced beyond a reasonable doubt that defendant, Craig Wilson, was in fact the perpetrator of these crimes. Defendant, in his post-trial motions, argued that the circumstances surrounding the identification, specifically the position of the parties, the length of time of the incident, and the lighting, made a positive identification impossible, or at least not possible beyond a reasonable doubt. The court was impressed with Poindexter's in-court identification of Wilson. Apparently, he was familiar with defendant prior to the incident and immediately recognized him when he looked through the window in the door. Further, contrary to defendant's contention, the lighting at the scene was quite adequate. This conclusion was further supported by the testimony of William McKelney, an investigator employed by the defense, and who was called as a defense witness.

The defense also contended and argued on post-trial motions, that Poindexter's testimony was totally unbelievable since he had admittedly lied at the preliminary hearing. There was no question but that the complainant did not wish to involve the other individual who had been at his door the evening in question, but his explanation, his forthright answers to all questions addressed to him, and his demeanor during the trial convinced the court that his testimony at trial was honest and believable.

Defendant also contended that the conviction of carrying a firearm on a public street in violation of the Crimes Code, 18 Pa.C.S.A. §6108, was improper since there was no showing that defendant

was not licensed to carry a gun. This contention is without merit since under Com. v. Poindexter, 248 Pa. Superior Ct. 564, 375 A. 2d 384 (1977), no such showing need be made by the Commonwealth. It was for this very reason, however, that defendant was found not guilty of a violation of 18 Pa.C.S.A. §6106.

Defendant's acts of appearing at the complainant's front door, firing a pistol at the door, after complainant responded to the knock, and seriously injuring the complainant, were sufficient to establish each and every element of the crimes of aggravated assault, 18 Pa.C.S.A. §2702, possession of an instrument of crime, generally, 18 Pa.C.S.A. §907, and carrying a firearm on a public street, 18 Pa.C.S.A. §6108.

Defendant's last contention was that the motion court erred by denying his motion to dismiss the complaint under Pa.R.Crim.P. 1100, and by extending the time for trial under said rule. At oral argument of the post-trial motions, the defense withdrew the allegation that the Commonwealth's petition to extend had not been timely filed. The only remaining contention was that there was insufficient evidence of unavoidable judicial delay presented at the hearing to extend the running of the rule.

The Supreme Court of Pennsylvania has held that judicial delay may justify an extension of the rule. While judicial delay is not an implied exclusion under the rule as is defendant unavailability or defense continuances of more than 30 days, it can be a basis for extension under certain circumstances. Specifically, an extension could be granted where the Commonwealth is prepared to go to trial but scheduling difficulties of the court prevent a trial within 180 days despite the Commonwealth's

due diligence: Com. v. Shelton, 469 Pa. 8, 364 A. 2d 694 (1976).

In Com. v. Mayfield, 469 Pa. 214, 364 A. 2d 1345 (1976), our Supreme Court ruled that, while judicial delay may be a ground upon which to grant an extension, Rule 1100(c) itself directs that: "Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." The record must show, first, due diligence on the part of the Commonwealth, and, second, certification that the trial is scheduled for the earliest date consistent with the court's business. If the delay is caused by the court, then the record should show causes for the delay and reasons why the delay cannot be avoided: Mayfield, supra, at p. 223, 346 A. 2d at 1349-50.

In the instant case, both the Commonwealth and the defense had been advised by a court administration memo that this judge would be attending the State Conference of Trial Judges and would not be sitting on July 27, 1978, as originally scheduled. These plans were changed, however, at the last minute, and court was in fact held on that date. The case was called and the Commonwealth was prepared to proceed to trial, but the defense was not. The notes of testimony of the Rule 1100 hearing indicate that Judge Blake did not charge the time between July 27, 1978 and the new trial date of September 7, 1978 against defendant but, rather, viewed it as unavoidable court delay, despite due diligence on the part of the Commonwealth.

This court concurred with Judge Blake's decision to grant the extension to September 11, 1978. As a result of the court's scheduling and despite due diligence on the part of the Commonwealth, the case was continued until September 7, 1978, be-

yond the 180 days. This judge's schedule, as well as the court system's backlog especially during the summer vacation period were not factors within the control of the Commonwealth. Further, the Commonwealth's being ready to proceed on July 27, 1978 was evidence of its due diligence in attempting to bring defendant to trial within 180 days.

In summary, this court is satisfied that the combined weight and volume of the Commonwealth's evidence in the case at bar fully supports defendant's convictions. Likewise, this court, upon a careful review of the entire record, finds no harmful prejudicial or reversible error and nothing to justify the granting of defendant's motions. The sentence should stand accordingly.