441 A.2d 1305

**COMMONWEALTH of Pennsylvania**

v.

**Taylor DIXON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1981.

Filed Feb. 19, 1982.

Norman D. Callan, Altoona, for appellant.

Charles P. Wasovich, Assistant District Attorney, Altoona, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

SHERTZ, Judge:

The sole question raised by Appellant is whether the court below erred in granting the Commonwealth's petition for extension pursuant to Pa.R.Crim.P. 1100(c) and in denying Appellant's petition to dismiss. We answer that question in the affirmative and, hence, reverse the order of the court below denying and dismissing Appellant's petition to dismiss the charges pursuant to Pa.R.Crim.P. 1100(f).

The salient facts are as follows. Appellant was arrested on May 4, 1978, upon a complaint filed on the same date.[1] Following a preliminary hearing and arraignment, the matter was scheduled for a jury trial to be held on August 23, 1978, but the trial was continued at the Commonwealth's request.[2] The case was then re-scheduled for trial on October 26, 1978, during the October Term of criminal jury trials.

On November 8, 1978, the Commonwealth's petition for extension pursuant to Pa.R.Crim.P. 1100(c) alleged due diligence on the part of the Commonwealth and stated:

This matter was scheduled for August 23, 1978; however, due to the backlog of the criminal docket, this matter was not reached. This matter was again scheduled for October 26, 1978, but again was not reached due to the backlog of the criminal docket.

[1] Appellant was charged with Driving Under the Influence of an Intoxicant, 75 Pa.Stat. § 3731 (Purdon 1977).

[2] It is not disputed that Appellant was prepared to commence trial at that time.

Appellant denied that the Commonwealth exercised due diligence to bring the case to trial and under New Matter averred:

The term of Court at which this case was last scheduled, ended Friday, November 3, 1978. The jury panel was dismissed on Thursday, November 2, 1978. This case was involving (sic) a third degree misdemeanor, and trial of the cause would take now [sic] longer than one (1) day. The matter could have been held within the last trial term, had the jury not been prematurely dismissed.

A hearing on the petition was scheduled for November 22, 1978. Although Appellant and the Commonwealth agree that a hearing was held on the petition, the docket entries and the record do not so reflect.[3] Despite that fact, the court below granted the petition to extend.

On January 4, 1979, Appellant filed a petition to dismiss pursuant to Pa.R.Crim.P. 1100(f). A hearing on Appellant's petition was held.[4] There was no evidence introduced at the hearing regarding the number of pending criminal cases, *See Commonwealth v. Smith*, 269 Pa.Super.Ct. 424, at 430, 410 A.2d 329, at 332, nor was any reason given as to why the court could not, despite its limited resources, try the case during the October term, nor was any testimony introduced showing what efforts, if any, the Commonwealth had made to see that the case was tried on time.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), our Supreme Court set forth the condi-

3. Accordingly, there is no transcript of such hearing available.

4. At the hearing on Appellant's petition the Court administrator testified. His testimony is summarized as follows. When the October court term, lasting three weeks, ended, Appellant's case was the next case to be tried. During the October term two separate juries were impaneled. The jury panel in Courtroom No. 1 was dismissed during the second week of Criminal Court and the jury panel in Courtroom No. 2 was dismissed "the next to the last day." The Court administrator also testified that on Friday of the third week "there were activities" in both courtrooms. Although the court administrator's testimony is somewhat vague it would appear that "pleas" were heard on Friday of the third week.

tions which must be met before the trial court may grant an extension under Pa.R.Crim.P. 1100(c):

> "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

*See Commonwealth v. Berry*, 271 Pa.Super.Ct. 466, 472, 414 A.2d 130, 133 (1979). Moreover, it is well established that:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). *Cf. Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, as remains uncontradicted. *See Commonwealth v. Mitchell, supra.*

*Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979).[5]

In order to meet the Commonwealth's burden, prosecutors must do everything reasonably within their power to see that the case is tried on time. *Commonwealth v. Smith*, 269 Pa.Super.Ct. 424, 410 A.2d 329 (1979). Although the trial court is ultimately responsible for the proper management of the criminal calendar, *Commonwealth v. Mayfield*, 469 Pa. at 218, 364 A.2d at 1347, the prosecutor and the Court administrator share such responsibility, at least in the first instance. *Commonwealth v. Smith*, 269 Pa.Super.Ct. at 428, 410 A.2d at 331; *Commonwealth v. Metzger*, 249 Pa.Su-

---

5. The Commonwealth's brief appends the guilty pleas taken by the court on November 3, 1978. Since it is apparent from the record that this information was not offered in evidence in the court below, we have given it no consideration.

per.Ct. 107, 115, 375 A.2d 781, 785 (1977); *See Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d at 1348.

█ In the absence of a record meeting the requirement of *Commonwealth v. Mayfield*, this Court must conclude that the trial court erred in granting the Commonwealth's petition to extend and in denying Appellant's motion to dismiss.[6] *Commonwealth v. Reynolds*, 277 Pa.Super.Ct. 145, 419 A.2d 703 (1980).

The judgment of sentence is reversed and Appellant discharged.

This case was decided prior to the expiration of SHERTZ, J.'s commission of office.

DiSALLE, J., did not participate in the consideration or review of this case.

---

6. In accordance with *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980), we are precluded from remanding for the purpose of giving the Commonwealth a "second bite" at meeting its burden on the due diligence requirement. *See Commonwealth v. Alston*, 286 Pa.Super.Ct. 290, 428 A.2d 997 (1981).