496 A.2d 1201

**COMMONWEALTH of Pennsylvania**

v.

**Keith D. HADFIELD, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Aug. 2, 1985.

Petition for Allowance of Appeal Denied Jan. 16, 1986.

Charles J. Duke, Bradford, for appellant.

Robert L. Saunders, Assistant District Attorney, Bradford, for Commonwealth, appellee.

Before BECK, POPOVICH and HANDLER, JJ.*

HANDLER, Judge:

This is an appeal from judgment of sentence of five to ten years imprisonment plus restitution of $391 for aggravated assault. Appellant contends that the Lower Court erred in failing to dismiss the charges against him pursuant to Pa.R.Crim.P. 1100.[1] We agree.

The complaint was filed on July 11, 1982, charging appellant with aggravated assault arising out of a fight between the appellant and his girl friend, Betty Walker, during which appellant slashed Walker with a razor blade. The run date for Rule 1100 purposes was therefore January 7, 1983. Appellant was arraigned and entered a plea of not guilty on July 30, 1982.[2] Subsequently, on August 19, 1982, appellant filed an application for an incompetency examination under par. 402(c) of the "Mental Health Procedures Act." 50 P.S. § 7402(c). The Court, made an order commit-

---

* Judge Earl R. Handler, Senior Judge, Court of Common Pleas of Indiana County Pennsylvania is sitting by designation.

1. Because of our disposition of the case, we need not address the other issues raised by appellant.

2. The record contains no indication that the case was ever listed for trial.

ting the appellant to the State Correctional Diagnostic and Classification Center in the Pennsylvania State Correctional Facility at Pittsburgh, Pennsylvania for a period not exceeding sixty (60) days for diagnostic observation and examination pursuant to Pa.R.Crim.P. 1403 B.[3] This order noted that the appellant had been committed under the foregoing Rule and also that notice of the order had been given to counsel for the Commonwealth and the defendant. It is significant that authority to commit under the Rule is for the purpose of aiding the Court in imposing sentence and a defendant may only be directed to submit after a finding of guilt and before the imposition of sentence. Appellant was sentenced on October 21, 1982, to five to ten years imprisonment.

On November 9, 1982, appellant filed a petition to vacate the sentence alleging that the sentence was invalid because it had been imposed prior to a plea of guilty or a finding of guilt after a trial. A hearing was then held and on November 18, 1982, the sentence was vacated.[4]

On November 19, 1982, the Commonwealth filed a petition for extension of time pursuant to Rule 1100(c). The petition alleged that: (1) The appellant was unavailable while being examined at the State Correctional Diagnostic and Classification Center, (2) The appellant through his counsel acknowledged that he had pleaded guilty at the sentencing proceeding, and that the Commonwealth was ready to proceed to trial on the day of sentence, and continued to remain ready to proceed, and (3) That January 31, 1983, a date beyond the prescribed period under Rule 1100, was the next date when a jury panel would be available. The appellant's answer averred that he was available while being examined at the Diagnostic and Classification Center and denied that he had ever entered a plea of guilty. In addition, appellant alleged, by way of new matter to his answer that since the date the complaint was

---

**3.** There is no record relevant to the order except the order itself which appears verbatim in the Continuance Docket.

**4.** No transcript of this hearing is provided in the record.

filed, there had been two dates, September 13, 1982, and November 8, 1982, on which a jury panel was available. The Commonwealth's petition was granted after a hearing.[5] Appellant then filed a petition to dismiss pursuant to Rule 1100(f). Appellant's application was denied and trial commenced on January 31, 1983, the date the jury was selected and sworn. After a trial the jury returned a verdict of guilty and after post-trial motions were denied he was sentenced. In response to the appellant's contention in his motion for post-trial relief that he had been denied his rights under Rule 1100, the Court in it's opinion made these two relevant findings, (1) That the elapsed time from the filing of the complaint to the commencement of the trial was 204 days and (2) That failure of the Commonwealth to bring the defendant to trial in 180 days was excused by a "mutual mistake" of the defense, the prosecution and the Court as to the fact that the defendant had entered a guilty plea to the charge.

■ The Commonwealth's problem in this case is that its basic duty under Rule 1100 is to bring the accused to trial; it cannot place that burden on him, *Com. v. Roundtree,* 469 Pa. 241, 253, 364 A.2d 1359, 1365 (1976). In losing sight of this responsibility, the Commonwealth permitted two timely dates for jury trials to pass and then upon discovering that the sentence had been vacated at a time when the next date for jury trials was beyond the time fixed by Rule 1100, petitioned to extend the time of trial.

■ The applicable law is clear. In *Com. v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976), the Supreme Court stated the basic rule to be:

> The trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's

---

**5.** No transcript of this hearing is provided in the record.

business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reason why the delay cannot be avoided.

In *Com. v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982), this Court held that proof of due diligence must appear in the record and failure to adhere to this requirement will justify dismissal with prejudice. In *Com. v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366, (1978), this Court held that the mere assertion of due diligence on the face of the petition without further proof is insufficient on which to ground a finding of due diligence. Furthermore, it is axiomatic that the Commonwealth has the burden of showing that it has met the requirements of Rule 1100(c) by a preponderance of the evidence, *Com. v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). In order to meet this burden, the Commonwealth must establish that it has done everything reasonably within its power to bring the case to trial on time, *Com. v. Dixon*, 295 Pa.Super. 425, 441 A.2d 1305 (1982).

The petition for extension did not aver that despite the exercise of due diligence by the Commonwealth it was unable to bring the appellant to trial at times available within the limits fixed by Rule 1100. It did aver that at the appellant's request he had himself transferred to the State Diagnostic and Classification Center where he remained for sixty (60) days thereby making himself unavailable of his own volition. Although the assertion is meager, it did raise the issue of the Commonwealth's due diligence for this reason. If the appellant had been committed to the State Correctional Diagnostic and Classification Center for the purpose of a competency examination, the time spent there for that purpose would have been excludable under Rule 1100(d)(3)(i), *Com. v. Fisher*, 283 Pa.Super. 370, 424 A.2d 510 (1980). If, however, the appellant was committed for an examination in aid of sentencing as occurred in this case,

though on the erroneous belief that he had already pleaded guilty, he was available for trial and the rule of due diligence required the Commonwealth to take whatever steps are necessary to bring him to trial.

The record clearly indicates a lack of due diligence on the part of the Commonwealth in that:

1. It failed to comprehend that the order committing the appellant to the State Diagnostic and Classification Center was in and of sentencing and not for an incompetency examination.

2. It failed to determine whether the appellant had pleaded guilty prior to the order.

3. It permitted the appellant to be sentenced without having pleaded guilty at a time when a timely jury trial date was still available.

Two important constituents of our rationale are that the Lower Court neither found the appellant to be unavailable for trial so that the time did not run against the Commonwealth nor that the Commonwealth had met the required standard of due diligence. Instead it improvised a new reason excusing delay, that of "mutual mistake" which does not excuse under Rule 1100 or any of the cases interpreting it. And though superficially anomolous, the failure of the appellant's counsel to inform the Court at the time of the first sentencing proceedings that no plea of guilt had been entered, does not shift the burden of bringing the accused to trial within the period fixed by Rule 1100. Accordingly, we find that the Lower Court erred in granting the Commonwealth an extension of time and in denying the appellant's motion to dismiss.

Judgment of sentence vacated and appellant discharged.

BECK, J., joins in this opinion.

POPOVICH, J., concurs in the result.