396 A.2d 695

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Hubert L. DIXON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Dec. 29, 1978.

David E. Auerbach, Assistant Public Defender, Media, for appellant.

Joseph J. Dougherty, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is brought from a judgment of sentence imposed upon Hubert Dixon following his conviction of nine counts of robbery, criminal conspiracy, and possession of instruments of crime. Appellant raises nine allegations of error, his second contention being that the lower court erred in not dismissing the case because of a violation of Pa.R. Crim.P. 1100.[1] We vacate the judgment of sentence and remand for an evidentiary hearing on the Rule 1100 issue.

On the morning of January 15, 1975, three men entered and robbed a bar in Chester, Pennsylvania. Criminal complaints were issued and appellant was arrested the next day,

1. In light of our disposition of the Rule 1100 issue, we need not consider the other eight issues which dealt generally with the sufficiency of the evidence, availability of certain pre-trial statements made by Commonwealth witnesses, adequacy and correctness of the jury charge, admission of some but the exclusion of other impeachment evidence, and the exclusion of evidence which allegedly was favorable to the defendant.

January 16. Pursuant to Rule 1100(a)(2),[2] the Commonwealth was required to commence trial no later than July 15, 1975. A trial date was set for June 30, 1975. However, the Commonwealth, as it is entitled to do under Rule 1100(c),[3] filed a petition to extend the time for trial until October 15, 1975.[4] This petition stated that the extension was necessary due to delays caused by the grand jury system and by the inability of the lower court to schedule a sufficient number of trial days. The petition was filed June 4, and a Rule was made returnable on June 12, 1975. According to Rule 1100(c), service upon the defendant or his attorney is mandatory. However, there is a question here of whether appellant did receive notice of the petition. There was testimony at a subsequent suppression hearing that neither he nor his attorney received any sort of notification of the Commonwealth's petition. N.T. September 29, 1975, at 22. There is nothing in the record to show that appellant was properly notified other than a passing reference in the form order used to grant the extension.[5]

2. Rule 1100(a)(2) provides that:
   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

3. Rule 1100(c) provides that:
   At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

4. Following several continuances, to which no defense objections were raised, appellant's trial was commenced September 10, 1975.

5. The order, a printed form with blank spaces for dates, read:
   AND NOW, this 12th day of June, 1975, after consideration of Commonwealth's application for an Order extending the time for commencement of trial; and, the Commonwealth having proved that the said application was served on defendant; and after having considered all the evidence, it is hereby ORDERED and

Although there is nothing definite in the record to prove it, we may conclude from vague language in the briefs of both parties and in the lower court opinion that a hearing was held on June 12.[6] Appellant was, of course, not present at this time, and the extension was granted without any defense objections.[7] The opinion of the trial court explained that the extension was granted because "the court took notice of the fact that trial could not be commenced within the ordinary time due to physical and manpower limitations on the court's resources." Lower Court Opinion at 3–4. But recent Pennsylvania decisions have cast doubt on the proposition that judicial delay per se is an acceptable reason for extensions under Rule 1100. In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), Justice Roberts wrote that:

Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

469 Pa. at 222, 364 A.2d at 1349.

As the record stands, it is impossible to determine whether the Commonwealth had exercised due diligence and whether the assertion that trial days were unavailable was a valid reason for extending the time for commencement of the trial.

DECREED that the time for commencement of the trial is extended for a period of 90 days; said trial to commence no later than October 15, 1975.

6. We have recently emphasized, and here reiterate, the importance of transcribing all proceedings relating to Rule 1100 matters so that appellate courts have a complete and adequate record on which to base their decisions. *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977).

7. Appellant has preserved his right to challenge the extension by filing an application to dismiss the charges with prejudice as provided by Rule 1100(f).

We, therefore, remand the case for a full and complete hearing on the Commonwealth's petition for extension. Appellant must be afforded an opportunity to be heard at the hearing.[8] If it is determined that the extension was improperly granted, either through failure to notify appellant or because of the Commonwealth's lack of due diligence, appellant must be discharged. If, however, it is found that appellant or his attorney received notice and that the extension was proper, judgment of sentence shall be reinstated and either party may appeal.

Judgment of sentence is vacated, and the case is remanded to the lower court for proceedings consistent with this opinion.

SPAETH, J., files a concurring and dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree that there should be a remand. However, I believe that on the remand the only question should be whether appellant received notice. If he did not, he should be discharged. *See Commonwealth v. Brett*, 262 Pa.Super. 326, 396 A.2d 777 (1978) (petition for extension granted without notice to defendant; held, petition ineffective, and defendant ordered discharged).

8. We note that both the Commonwealth's petition for extension and the court's order granting the extension were captioned *Commonwealth v. Herbert L. Dixon*. This careless draftmanship, resulting in a misspelling of appellant's name, may have accounted for the notice difficulties. Such an error could, in other cases, convince us that the defendant could not have received notice. However, it is possible that appellant here did receive notice in spite of the error because the indictment numbers were also indicated on both documents. The hearing as ordered will determine whether the Commonwealth's error did in fact result in a failure to notify appellant.