402 A.2d 1056

**COMMONWEALTH of Pennsylvania**

v.

**Frank F. ALSTON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided May 4, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

The appeal in this case arises from a judgment of sentence after the appellant's conviction and sentencing on charges of robbery and possession of instruments of crime. Several issues are raised on appeal by the appellant.

The facts of the crimes charged are quite simple. On January 14, 1976, an intruder burst into the home of Edith Smith. The intruder, after forcing his way through the front door, and into the living room of the home pointed a pistol at Mrs. Smith, who was in that room. He unplugged and picked up a portable television set in the room and immediately left the home. This incident was viewed by another occupant of the home, Ms. Katherine Gorman, who was a tenant of Mrs. Smith, and who was looking into the room when the intruder entered, grabbed the television, and then departed with the television.

Appellant raises a plethora of issues with regard to pre-trial and trial identification procedures. All of these issues may be dealt with expeditiously.

First, appellant challenges the identification which Mrs. Smith offered at trial. This case was tried by a judge, without a jury, and the first witness called was Mrs. Smith. She was asked what happened during the January 13, 1976 incident at her home, and, *inter alia*, in response, she said, "and I was no more on my feet than Frank Alston came in with a gun." The defense immediately moved for a mistrial. It was contended that in pre-trial motions to suppress identification testimony, the fact that Mrs. Smith would testify on identification had not been disclosed to the defense. Moreover, defense counsel claimed he had been given assurances by the prosecutor that Mrs. Smith would not be testifying as to identification. No detailed review of this issue is merited, because the lower court declared, during argument on post trial motions, that it had not accorded any weight whatsoever to the identification testimony offered by Mrs. Smith or relied upon it in assessing guilt. In view of the fact that this identification testimony was not considered by the lower court in its determination of guilt, we find any arguable error to have been harmless, and reject this first claim of error.

Next, appellant argues that his pre-trial motions to suppress identifications by Ms. Gorman should have been granted. The record showed that Ms. Gorman identified the

appellant at a pre-trial photographic display and at a later line-up. As to the photographic display, appellant argues that the Commonwealth failed to produce the photographic layout at the suppression hearing (see *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974)), and otherwise failed to carry its burden of showing that pre-trial identification procedure to have been free of undue suggestiveness (appellant cites *Commonwealth v. Ravenell*, 448 Pa. 162, 292 A.2d 365 (1972)). With respect to the lineup, appellant contends that the Commonwealth had not established that appellant had made a knowing and intelligent waiver of counsel at the lineup, citing *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), and other cases. He also maintains that the lineup was unnecessarily suggestive in that it focused attention to him because his age allegedly differentiated him from the other participants.

While some of the appellant's arguments concerning identification might have arguable merit in other circumstances, we find no ground for reversal here. This is because the record clearly demonstrates that the identification offered by Ms. Gorman at trial had a basis independent of either the photographic display or the line-up. Thus, even if we assume that the pre-trial procedures were suggestive, we find, as did the lower court at the suppression hearing, that the identification by Ms. Gorman did not rest upon, nor was it tainted by, the pre-trial identification proceedings. See *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In reaching this conclusion, we are mindful that if there is any reasonable ground to conclude that the arguably tainted evidence in issue may have contributed to the conviction, it is not appropriate to find the error harmless. *Commonwealth v. Laws*, 474 Pa. 318, 378 A.2d 812 (1977).

The record shows that Ms. Gorman knew the appearance of the appellant as a steady customer of many years in a bakery where she had been employed. While she did not know his name, she recognized his face immediately when

she saw him in the living room of Mrs. Smith's house. Her identification testimony at trial was positive and unshaken. As a matter of fact, the responses elicited on rigorous cross examination buttressed, rather than weakened the certainty of identification by Ms. Gorman. The appellant had the unfortunate luck to rob a residence in the clear view of a credible witness who was thoroughly familiar with him and his appearance. In these circumstances, we must reject his contentions concerning allegedly improper pre-trial identification procedures.

■ Finally, the appellant contends that his trial was not timely held, in violation of Rule 1100 of the Rules of Criminal Procedure, which required that appellant be tried within 180 days of the date when the criminal complaint was filed against him. The record shows that on July 13, 1976, purportedly the 178th day of the critical period, a hearing was held before a judge in the lower court concerning an extension of the date for trial. The total "record" of the hearing consumes only one page of a transcript, and provides virtually no illumination on the Rule 1100 issue raised. Principally, this transcript page consists of comments by the judge, and appears to have been taken out of the context of other proceedings. To compound the uncertainty, this "hearing" appears to have been held on the day *prior* to the date (July 14, 1976) when the Commonwealth actually filed a petition to extend the date for trial, on the 179th day of the period. Last, the lower court's opinion, prepared as a result of the filing of this appeal, offers virtually no detail as to the procedure followed or the rationale supportive of the order extending the date for hearing. We find the record to be less susceptible to proper review in this case than that present in *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978), and we must remand for further proceedings. Upon remand, we direct the lower court's attention to the *Barrall* case and to the requirements that this Court imposed in or remand there. A similar procedure is appropriate in the instant case.

Thus, we affirm the lower court on all issues raised, but for the Rule 1100 arguments, upon which we remand for further proceedings.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm all of the actions of the court below.