419 A.2d 783

**COMMONWEALTH of Pennsylvania**

v.

**John LAYNE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed May 16, 1980.

Roy Davis, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and LOUIK, JJ.*

WIEAND, Judge:

In this appeal following convictions for rape, theft by unlawful taking, simple assault and criminal conspiracy, appellant contends that he was not timely tried under Pa.R. Crim.P. 1100. Because we are unable to determine the merits of this claim from the existing record, we will remand for an evidentiary hearing.

On November 7, 1975, the appellant, John X. Layne, also known as Brother Jeremiah, opened the door of a vehicle stopped at a traffic light in Chester and shouted, "This is a

---

* Judge DONALD E. WIEAND is sitting by special designation. Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

stick–up." When the lone female occupant attempted to escape, another man entered the car through the passenger's door. As appellant operated the vehicle, his companion took the occupant's pocketbook and wallet. Later, the companion slapped the occupant, forced her to disrobe, and raped her while appellant remained outside the car. Appellant also had forced intercourse with the occupant, after which she was pushed from the car as the men drove away. Unable to find clothing, she hid behind a construction barrel until taken to the hospital by a passing motorist.

A complaint was filed on November 12, 1975. The original run date, therefore, was May 10, 1976. Although the case was listed for trial on March 15, 1976, appellant failed to appear for arraignment on February 6, 1976, and a bench warrant was issued. He also failed to appear for trial, which was then continued and rescheduled for May 24, 1976. Appellant was a fugitive until March 20, 1976, when he was arrested and incarcerated on a bench warrant issued in another case.

On May 14, 1976, the Commonwealth filed a petition to extend the time for trial. The record does not disclose whether a hearing was held. On May 24, 1976, while neither appellant nor his counsel was present, the court granted an extension until November 10, 1976. Whether adequate notice of the extension petition was given is the subject of an unresolved dispute.

On May 25, 1976, trial was continued until July 14, 1976 on motion of the defendant. On July 14, 1976, another defense motion for continuance was granted, and on August 2, 1976, a defense motion for continuance of trial was granted until September 20, 1976. In the meantime, appellant's counsel filed a motion to dismiss under Rule 1100. This motion was heard on August 17, 1976.[1] Appellant's primary contention was that the extension order of May 24, 1976 was invalid because notice of the Commonwealth's petition to extend had not been given to appellant prior to the entry of the

---

1. This date is shown on the clerk's docket. The transcript of the hearing, however, is dated August 10, 1976.

order. This was disputed by the District Attorney. Nevertheless, no testimony was presented. The court, after hearing argument by counsel, denied the defense motion to dismiss.

The case was called for trial on September 20, 1976. Appellant, however, failed to appear. Trial was thereupon continued, bail was forfeited, and a bench warrant was issued. At 2:00 o'clock, P.M., on the same day, appellant was found in another courtroom, and the order forfeiting bail and issuing a bench warrant was vacated. Trial was rescheduled for September 22, 1976. On that day, however, no courtroom was available, and a defense continuance was requested and granted to November 15, 1976. Appellant waived Rule 1100 for the term of the continuance. On September 27, 1976, however, the District Attorney presented a written application for a further extension. A hearing was set for October 6, 1976, but again no evidence was presented. An extension was granted, with trial to commence no later than May 10, 1977.

On November 15, 1976, appellant failed to appear for trial, and once again a bench warrant was issued for his arrest. He continued in a fugitive status until July 13, 1977, when he was arrested and committed to prison. On August 10, 1977, the Commonwealth filed a new petition to extend the time for trial. This was heard on August 26, 1977, but again no evidence was taken. The time for trial was extended until November 30, 1977. Trial commenced on September 19, 1977.

The original record includes transcripts of hearings on August 10, 1977 and August 26, 1977. At neither hearing, however, was evidence presented. There is no record that any hearings were held before the extension orders of May 24, 1976, and October 6, 1976. Thus, there is a total lack of evidence from which it can be determined whether the initial delay was caused by a lack of due diligence or whether the delay occurred despite the exercise of due diligence by the Commonwealth. Moreover, there is no basis for determining whether notice of the Commonwealth's first

extension petition, filed May 14, 1976, was given to appellant as required by Rule 1100(c). As the record stands, therefore, it is impossible to determine whether the several extensions were properly granted.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345, decided on October 8, 1976, subsequent to the first two extension orders in the instant case, the Supreme Court said: "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." Id., 469 Pa. at 222, 364 A.2d at 1349–50.

Because of the state of the record in this case, we will remand for a full and complete hearing on the several issues raised. See: *Commonwealth v. Dixon*, 262 Pa.Super. 161, 396 A.2d 695 (1978). If it is determined that one or more extensions were improperly granted and that trial was not held within the time requirements of Rule 1100, then appellant must be discharged. If, however, necessary extensions were properly granted, then appellant's motion in arrest of judgment may be dismissed. The trial court's determination, of course, will be subject to review upon appeal by either party.

Remanded for an evidentiary hearing in accordance with the foregoing opinion.

CERCONE, President Judge, files a dissenting statement.

CERCONE, President Judge, dissenting:

I respectfully dissent. On the facts of this case I would hold appellant waived his Rule 1100 rights.