428 A.2d 997

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank ALSTON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 20, 1981.

Petition for Allowance of Appeal Denied Aug. 12, 1981.

Elaine DeMasse, Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

BROSKY, Judge:

Following appellant's conviction on charges of robbery and possession of instruments of crime, Alston's post-verdict motions were denied. An appeal of that denial came before us, and we affirmed on all issues except that concerning Pennsylvania Rule of Criminal Procedure 1100, hereinafter Rule 1100, *Commonwealth v. Alston*, 266 Pa.Super. 18, 402 A.2d 1056 (1979). We remanded to the trial court for an evidentiary hearing on the Rule 1100 question. The lower court held for the Commonwealth at the evidentiary hearing, and this appeal followed. We disagree and reverse.

The facts surrounding appellant's conviction were most ably stated by Judge Van Der Voort in his opinion following appellant's first appeal before this court:

> The facts of the crimes charged are quite simple. On January 14, 1976, an intruder burst into the home of Edith Smith. The intruder, after forcing his way through the front door, and into the living room of the home pointed a pistol at Mrs. Smith, who was in that room. He unplugged and picked up a portable television set in the room and immediately left the home. This incident was viewed by another occupant of the home, Mrs. Katherine Gorman, who was a tenant of Mrs. Smith, and who was looking into the room when the intruder entered, grabbed the television, and then departed with the television.

Id., 266 Pa.Super. at 20, 402 A.2d at 1056–1057.

On January 18, 1976, a criminal complaint was filed against the appellant. Rule 1100(a)(2) required his trial to take place on or before July 15, 1976. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). On April 9, 1976, the case was scheduled for trial, but was continued due to courtroom unavailability. Similarly, on May 28, 1976, the trial was continued to July 13, 1976 because of a crowded docket. Motions were also to be heard on July 13, 1976.

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

On July 13, 1976, without presenting a petition, the Commonwealth moved for an extension of time under Rule 1100(c). The basis for the extension was the unavailability of the police officer who investigated the case.[1] The lower court continued the case until July 26, 1976 and advised the Commonwealth to file a petition for a Rule 1100(c) extension. The court noted: "Rule 1100 extended until next continuance." On July 14, 1976, the Commonwealth filed a petition for a Rule 1100 extension.

On July 21, 1976, the trial court heard appellant's motion to dismiss because of the alleged Rule 1100 violation. Referring to its notation of July 13, 1976, the trial court denied appellant's motion on the grounds that an extension to July 26, 1976 had been granted at the July 13, 1976 hearing.

On July 26, 1976, appellant was tried before the court sitting without a jury. From the trial court's decision, Alston appealed to our court and we remanded for a hearing to determine if a Rule 1100 extension hearing had been held on July 13, 1976, the 178th day of the Rule 1100 run period. We instructed the trial court to hold a hearing consistent with the procedures established in *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978).

On October 30, 1979, pursuant to our remand, an evidentiary hearing was held where the Commonwealth attempted to show it acted with due diligence to bring appellant to trial. The trial court ruled in favor of the Commonwealth.

Appellant argues that the lower court erred in holding a "new" evidentiary hearing upon remand on the issue of due diligence.

■ It is clear that the Commonwealth is only permitted one opportunity to prove the need for a Rule 1100 extension. *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980). Thus, the trial court's actions on remand were limited to a review of the July 13, 1976 hearing.

1. The officer in question was on vacation until July 17, 1976.

■ The review of a Rule 1100 determination is limited to evidence on the record of the Rule 1100 evidentiary hearing and findings of the lower court. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

The lower court's original grant of a Rule 1100 extension in the instant case occurred on July 13, 1976. As this extension was granted prior to the Supreme Court's decision in *Commonwealth v. Mayfield*, supra, the Rule 1100 hearing and the findings of the lower court were not required to be recorded. Hence, on appellant's first appeal, the record was inadequate for our review of the Commonwealth's showing of due diligence.

> *The total "record" of the hearing consumes only one page of a transcript, and provides virtually no illumination on the Rule 1100 issue raised. Principally, this transcript page consists of comments by the judge, and appears to have been taken out of the context of other proceedings.* To compound the uncertainty, this "hearing" appears to have been held the day *prior* to the date (July 14, 1976) when the Commonwealth actually filed a petition to extend the date for trial, on the 179th day of the period. Last, the lower court's opinion, prepared as a result of the filing of this appeal, offers virtually no detail as to the procedure followed or the rationale supportive of the order extending the date for hearing.

(Emphasis added.) *Commonwealth v. Alston*, supra. See also *Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979); *Commonwealth v. Fox*, 267 Pa.Super. 341, 406 A.2d 1072 (1979); *Commonwealth v. Dixon*, 262 Pa.Super. 161, 396 A.2d 695 (1978). As was stated in *Dixon*, supra:

> As the record stands, it is impossible to determine whether the Commonwealth had exercised due diligence and whether the assertion that trial days were unavailable was a valid reason for extending the time for commencement of the trial.

We, therefore, remand the case for a full and complete hearing on the Commonwealth's petition for extension. Appellant must be afforded an opportunity to be heard at

the hearing. [Footnote omitted.] If it is determined that the extension was improperly granted, either through failure to notify appellant or because of the Commonwealth's lack of due diligence, appellant must be discharged. If, however, it is found that appellant or his attorney received notice and that the extension was proper, judgment of sentence shall be reinstated and either party may appeal.

Id., 262 Pa.Super. at 165, 396 A.2d at 697.

Appellant further contends that the lower court erred in holding a "new" evidentiary hearing because as appellant reads our instructions in *Commonwealth v. Barrall,* supra, a remand for an evidentiary hearing is limited solely to an inquiry asking whether the Commonwealth proved due diligence at the extension hearing. In *Commonwealth v. Barrall,* supra, we stated:

We remand for an evidentiary hearing, to be transcribed, to determine whether the Commonwealth possessed good cause, and proved it at the prior "hearing" to seek extension of time, and whether the Commonwealth acted with due diligence. Findings of said hearing court shall be recorded. If due diligence on the part of the Commonwealth is found, then the judgment of sentence shall stand affirmed. If there should be found lack of due diligence, then the lower court shall grant defendant's application, dismiss the charges and discharge the appellant in pursuance of Pa.R.Crim.P. 1100(f). From the action of the court below either party may appeal.

Id., 256 Pa.Super. at 483, 390 A.2d 205.

There is considerable question in the instant case whether a hearing was ever held on the Commonwealth's petition for a Rule 1100 extension. The record shows that the Commonwealth's petition was filed a day after an apparent hearing on July 13, 1976 concerning an extension. The Commonwealth concedes the possibility that the July 13, 1976 hearing may have been ex parte. Appellant's brief at page 19.

Furthermore, appellant argues that even if there was a proper hearing held on July 13, 1976, the Commonwealth

failed to show due diligence. Appellant contends that the Commonwealth filed a "form" petition on July 14, 1976 and that such petitions were held defective in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). While the use of "form" petitions [2] is not encouraged or endorsed, the use of such petitions has been held to be grounds for discharge only in the absence of a hearing. *Commonwealth v. Cimaszewski*, 259 Pa.Super. 196, 393 A.2d 785 (1978).

█ The hearing held on October 30, 1979 was to determine if the Commonwealth had shown due diligence at the July 13, 1976 hearing. Clearly that hearing was not held to allow the Commonwealth a second chance to show due diligence. The rights protected by Rule 1100 are too dear for us to find for the Commonwealth where the Commonwealth concedes that whatever hearing was held within the Rule 1100(c) [3] guidelines may have been ex parte, pursuant to an oral motion, and where a written motion was filed it contained boilerplate language. This is especially true where no hearing was held immediately following the receipt of that petition pursuant to the procedures set out in *Commonwealth v. Ray*, supra.

We clearly cannot hold as the Commonwealth argues that the October 30, 1979 hearing satisfied Rule 1100(c). Clearly no extension hearing was held within the Rule 1100 run period. To hold otherwise would permit the Commonwealth a "second bite" at proving it had demonstrated due diligence. *Commonwealth v. Akridge*, supra.

2. Form petitions, like the one filed in this case as well as in *Ray*, supra, merely state that the Commonwealth has exercised due diligence and that "(a) specific account of the history of the case will be presented at time of argument." Appellant's brief, appendix B.

3. Rule 1100(c) states:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

The trial court's decision on remand was reached only after an evidentiary hearing which pursued matters beyond the scope of our remand order. Accordingly, the Order is reversed and appellant discharged.