J-A09040-24

2024 PA Super 206

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAYDEN ISAIAH SPEED :
:
Appellant : No. 900 WDA 2023

Appeal from the Judgment of Sentence Entered July 10, 2023
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0001068-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY NICHOLS, J.: **FILED: September 11, 2024**

Appellant Jayden Isaiah Speed appeals from the judgment of sentence imposed after he pled guilty to conspiracy to commit robbery, burglary, and conspiracy to commit burglary. On appeal, Appellant contends that the trial court erred in denying his motion to dismiss for lack of a prompt trial pursuant to Pa.R.Crim.P. 600. We affirm.

We adopt the trial court's summary of the relevant procedural history. Briefly, a criminal complaint was filed against Appellant on October 1, 2021. Trial Ct. Op., 9/8/23, at 4. On May 11, 2023, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. The trial court held a hearing on Appellant's Rule 600 motion and denied that motion. *See* Trial Ct. Order, 6/2/23; N.T. Rule 600 Hr'g, 6/2/23, at 2-7. On June 13, 2023, Appellant entered a guilty plea to conspiracy to commit robbery, burglary, and

J-A09040-24

conspiracy to commit burglary.[1]  At his plea hearing, Appellant indicated that he wished to preserve his right to appeal the Rule 600 issue in his plea agreement.  *See* N.T. Guilty Plea Hr'g, 6/13/23, at 10-13.  Appellant was sentenced to an aggregate term of ten to twenty years' incarceration on July 10, 2023.  *See* Sentence Order, 7/11/23.

Appellant filed a timely notice of appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issue on appeal:

Whether the trial judge committed reversable error by denying [Appellant's] motion to dismiss the charges or grant bail.[3]

---

[1] 18 Pa.C.S. §§ 903(a)(1), 3701(a)(i)(2); 3502(a)(1)(ii); and 903(a)(1), 3502(a)(i)(2), respectively.

[2] The Commonwealth filed a motion to quash, arguing that Appellant failed to timely file his brief.  On January 9, 2024, this Court entered an order deferring the issue to the merits panel.  Because Appellant's delay in filing his brief does not impede meaningful appellate review, we deny the Commonwealth's motion to quash.  *See, e.g., Warner v. University of Pennsylvania Health Sys.*, 874 A.2d 644, 646 (Pa. Super. 2005) (declining to quash when "[the a]ppellant's filing faults were minor and have not impacted on [the a]ppellee's ability to respond").

[3] Appellant made no arguments in his brief regarding his eligibility for bail.  Appellant was charged with criminal homicide, second degree murder (felony murder).  Criminal Information, 10/1/21, at 3; *see also* 18 Pa.C.S. §§ 2501(a), 2502(b).  Rule 600(B) provides that a defendant shall not be held in pretrial incarceration in excess of 180 days from the filing of the complaint, unless the defendant is "not entitled to release on bail as provided by law."  Pa.R.Crim.P. 600(B)(1).  Both the Pennsylvania Constitution at Article I, § 14, and 42 Pa. C.S. § 5701(a) provide that all prisoners "shall be bailable . . . unless for . . . offenses for which the maximum sentence is life imprisonment."  Pa. Const. Art I, § 14, and 42 Pa.C.S. § 5701(a).  Second degree murder
*(Footnote Continued Next Page)*

Appellant's Brief at 4 (unpaginated).[4]

## Issue Preservation

Before we review Appellant's Rule 600 speedy trial issue, we must address whether this issue was preserved for appeal. *See* Pa.R.A.P. 302(a). (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274 (Pa. 2012) (explaining that "[t]he issue preservation requirement ensures that the trial court that initially hears a dispute has had an opportunity to consider the issue, which in turn advances the orderly and

---

carries a mandatory sentence of life imprisonment. 18 Pa.C.S. § 1102(b). As Appellant was charged with second degree murder, a non-bailable offense, the trial court did not err in denying bail. *See* Pa. Const. Art I, § 14; 42 Pa.C.S. § 5701(a); 18 Pa.C.S. §§ 2501(a); 1102(b).

[4] We note that in his Rule 1925(b) statement, Appellant also stated that his Sixth Amendment right to a speedy trial had been violated. *See* Rule 1925(b) Statement, 8/30/23. While both Rule 600 and the Sixth Amendment address the right to a speedy trial, they provide separate grounds for asserting a claim of undue delay, as Rule 600 "establish[ed] a [more] definitive period of time for a speedy trial violation[;]" and, additionally, where an appellant fails to raise or abandons the separate constitutional issue, "there is no need for the [Sixth Amendment] test to be examined." *Commonwealth v. Colon*, 87 A.3d 352, 356-58, 357 n.2 (Pa. Super. 2014) (citations omitted). Appellant did not raise his Sixth Amendment claim in his appellate brief; therefore, Appellant has abandoned this issue on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *see also Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

We also note that Appellant has failed to comply with Pa.R.A.P. 2111(a), which governs the contents of appellant briefs. Appellant failed to include a statement of jurisdiction, the order in question, a statement of the scope and standard of review, and a summary of argument. *See* Pa.R.A.P. 211(a)(1), (2), (3), and (6).

efficient use of our judicial resources, and provides fairness to the parties" (citation omitted and formatting altered)).

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Id.* at 1275 (citation omitted). A guilty plea, however, does not always extinguish all claims outside of these three categories. In *Commonwealth v. Singleton*, 169 A.3d 79 (Pa. Super. 2017), this Court recognized that defendants may enter a guilty plea conditioned on the preservation for appeal of issues outside of these categories. *Singleton*, 169 A.3d at 81-82 (stating that "[w]hile our courts have not specifically addressed the validity of conditional plea agreements, our courts have proceeded to review the merits of issues specifically reserved in plea agreements" (citations omitted)). Therefore, an issue may be properly preserved for appeal, despite entry of a guilty plea, if a defendant raised that issue prior to entering a guilty plea and specifically reserved the right to seek appellate review of that issue as part of the plea agreement. *See id.*; *accord Eisenberg*, 98 A.3d at 1274-75 (concluding that the defendant "adequately preserved [] his claim for Rule 302 purposes at the plea hearing"). In reviewing the terms of a plea agreement, we approach the plea agreement as a contract, "to be analyzed under contract-law standards." *Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020). In a dispute over the terms of a plea agreement, "[a]ny ambiguities . . . will be construed against the Government." *Id.*

Here, the Commonwealth contends that Appellant waived his Rule 600 issue by entering a guilty plea. Commonwealth's Brief at 11. However, the transcript from the plea hearing reflects that Appellant and the Commonwealth disagreed on whether the terms of the plea agreement prevented Appellant from raising a Rule 600 claim on appeal. *See* N.T. Plea Hr'g, 6/13/23, at 10-11.

Ultimately, after hearing argument from both sides, the trial court concluded:

> The speedy trial issue was timely and properly raised before the [c]ourt. . . . [T]his plea agreement does not preclude [Appellant] from alleging error on my part if I made a mistake. . . . [O]n the singular issue of whether or not I erred in my opinion and order relating to Rule 600, that really is preserved for appeal.

*Id.* at 11.

After the trial court made clear that it considered Appellant's Rule 600 appeal rights to be preserved in his offer to plead guilty, the Commonwealth did not withdraw from its plea agreement with Appellant. *Id.* at 11-13. On this record, where any ambiguities are to be construed against the Commonwealth, Appellant's plea agreement sufficiently preserved his Rule 600 speedy trial issue for appeal. *See Snook*, 230 A.3d at 438; *Singleton*, 169 A.3d at 81-82.

### Rule 600 Claim

Rule 600 provides that: "[t]rial . . . shall commence within 365 days from the date on which the complaint is filed[;]" "trial shall be deemed to

commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty . . .[;]" and, if the Commonwealth is not ready for trial by this deadline, a defendant may file a written motion requesting that the charges be dismissed with prejudice. Pa.R.Crim.P. 600(A)(1), (A)(2)(a), (D)(1).

Rule 600 allows for extension of the Commonwealth's deadline to commence trial in certain circumstances, directing that:

> periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. **Any other periods of delay shall be excluded from the computation**.

Pa.R.Crim.P. 600(C)(1) (emphasis added).

The Comment to Rule 600 provides in relevant part: "[w]hen the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from [the] computation of time." Rule 600, Cmt., Computation of Time (citations omitted). Further, the Comment gives as examples of delay caused by the defendant: "such period of delay at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney." *Id.*

We review challenges to a trial court's ruling on a Rule 600 motion bearing in mind that:

> Our standard of review in evaluating speedy trial issues is whether the trial court abused its discretion, and our scope of review is

- 6 -

limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused.

\* \* \*

Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

*Commonwealth v. Womack*, 315 A.3d 1229, 1237 (Pa. 2024) (some formatting altered and citations omitted).[5]

---

[5] *Womack* is our Supreme Court's most recent statement regarding the scope of review for Rule 600 issues, in which both the Majority and Justice Wecht, in a concurring opinion, reviewed the record to determine the basis of the trial court's denial of a Rule 600 motion. *Womack*, 315 A.3d at 1240 n.8; *see also id.* at 1257 (Wecht, J., concurring). The Majority notes that under an abuse of discretion review, "the trial court's determinations carry a degree of deference[,]" and that "this Court has stressed the consideration owed to the trial court's factual findings and analysis, **where supported by the record**, in resolving motions for dismissal[,]" and, after applying this standard, found the trial court's analysis to be extremely thorough and reliable. *Id.* at 1240 n.8 (citation omitted and emphasis added). Justice Wecht notes that the trial court opinion "painstakingly outlined the facts and procedural history of the case[,] . . . discussed each of the charges asserted[,]" and provided two charts explaining its Rule 600 analysis; and finds that "[t]he [trial] court's conclusions are well-reasoned and supported by **my review of the record**." *Id.* at 1258 (emphasis added).

As precedent for this broad Rule 600 scope of review, *Womack* cites to *Commonwealth v. Wholaver*, 989 A.2d 883, 899 (Pa. 2020), which in turn cites *Commonwealth v. Meadius*, 870 A.2d 802, 805 (Pa. 2005). *Wholaver* states that "in speedy trial issues . . . our scope of review is limited
*(Footnote Continued Next Page)*

- 7 -

Based on our review of the record,[6] we agree with the trial court's analysis of the relevant periods of excludable time. We conclude, however,

_____

to the trial court's findings and **the evidence on the record**, viewed in the light most favorable to the prevailing party." **See Wholaver**, 989 A.2d at 899 (emphasis added). **Meadius**, however, states that "[t]he appellate court's scope of review is limited to the findings of the trial court and **the evidence on the record of the Rule 600 hearing**, viewed in the light most favorable to the prevailing party." **See Meadius**, 870 A.2d at 805 (emphasis added), citing **Commonwealth v. Hill**, 736 A.2d 578, 581 (Pa. 1999).

**Hill**'s more restrictive scope of review cites to **Commonwealth v. Alston**, 428 A.2d 997 (Pa. Super. 1981), which provides that "[t]he review of a Rule 1100 determination is **limited to evidence on the record of the Rule 1100 evidentiary hearing** and findings of the lower court. **Commonwealth v. Mayfield**, [] 364 A.2d 1345 ([Pa.] 1976)." **Alston**, 428 A.2d at 999 (emphasis added) (Pa.R.Crim.P. 1100 was renumbered Pa.R.Crim.P. 600 in 2000, **see**, Pa.R.Crim.P. 600, Credits). The Supreme Court in **Mayfield**, however, did not state the scope of review language referenced in **Alston**, or anything approximate to it. **See Mayfield**, 364 A.2d 1345. Nonetheless, the more restrictive scope of review introduced in **Alston** is widely followed up until **Commonwealth v. Matis**, 710 A.2d 12 (Pa. 1998), when the Supreme Court stated that the relevant scope of review is limited to "**the evidence in the record** along with the findings of the trial court." **Matis**, 710 A.2d at 15 (emphasis added).

Since **Matis** and **Hill**, this Court has at times followed a Rule 600 scope of review consisting of "the evidence on the record of the Rule 600 evidentiary hearing," and at other times applied "the evidence in the record" scope. **Compare Commonwealth v. Risoldi**, 238 A.3d 434, 449 n.14 (Pa. Super. 2020) (applying the "evidence of the record" standard), **with Commonwealth v. Carl**, 276 A.3d 743, 748 (Pa. Super. 2022) (applying the "evidence on the record of the Rule 600 evidentiary hearing" standard).

[6] With regard to the reviewable record on appeal, at Appellant's Rule 600 evidentiary hearing the Commonwealth referenced its answer to Appellant's Motion to Dismiss, and cited to two cases regarding excludable time, but it **did not offer any evidence**, nor ask the trial court to take judicial notice of any evidence. N.T. Rule 600 Hr'g, 6/2/23, at 2. Further, the trial court did not state that it would *sua sponte* take judicial notice of any evidence. **See** N.T. Rule 600 Hr'g, 6/2/23. Appellant also did not offer any evidence. **See**
*(Footnote Continued Next Page)*

that the trial court's calculation of the adjusted run date of June 6, 2023 is incorrect.  Trial Ct. Op., 9/8/23, at 4-5, *see Womack*, 2024 WL 2789160 at *6, *8 n.8.  Therefore, we will make our own calculation of the adjusted run

---

*id.*  In place of any offer or admission of evidence, the trial court, after allowing Appellant and the Commonwealth to make initial statements, presented a chart to the parties and discussed the application of Rule 600 to delays that are documented in the record, but were not presented as evidence at this Rule 600 evidentiary hearing.  *See id.* at 2-6.

Pursuant to *Womack*, our scope of review for this Rule 600 issue is "limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party."  *See Womack*, 315 A.3d at 1237 (citation omitted); *Matis*, 710 A.2d at 15; *Risoldi*, 238 A.3d at 449; *see also Commonwealth v. Manuel*, 552 WDA 2023, 2024 WL 2891393, at *3 (Pa. Super. filed Jun 10, 2024) (unpublished mem.) (a recent example of the application of the broader standard, "[o]ur scope of review . . . [is] limited to the **evidence in the record**, the trial court's Rule 600 evidentiary hearing, and the trial court's findings." (emphasis added)).  We may cite unpublished memorandum decisions for their persuasive value pursuant to Pa.R.A.P. 126(b).

The relevant evidence in the record, but not offered or admitted as evidence at the Rule 600 evidentiary hearing, includes the continuance motions and court orders the trial court discusses at the Rule 600 evidentiary hearing.  *See*, *e.g.*, Criminal Complaint, 10/1/21; Scheduling Form, 11/19/21; Appellant's Mot. to Continue, 2/28/22; Trial Ct. Order, 3/1/22; Scheduling Form, 3/3/22; Appellant's Mot. to Continue, 4/20/22; Trial Ct. Order, 4/28/22; Scheduling Form, 4/28/2; Appellant's Mot. to Continue, 6/3/22; Trial Ct. Order, 6/9/22; Scheduling Form, 6/9/22; Appellant's Mot. to Continue, 9/22/22; Trial Ct. Order, 9/22/22; Scheduling Form, 9/22/22; Scheduling Order, 12/7/22; and Trial Ct. Order, 12/20/22.  Following *Womack*, we review the entire record, including these documents, to determine whether the trial court's findings and analysis support its Rule 600 order.  *Womack*, 315 A.3d at 1237, 1240 n.8.

time based on the periods of time that the trial court found were excludable.[7]

*See Commonwealth v. McCarthy*, 180 A.3d 368, 375 (Pa. Super. 2018).

Here, the Commonwealth filed a criminal complaint against Appellant on October 1, 2021; 365 calendar days thereafter was Saturday, October 1, 2022. *See* Criminal Complaint, 10/1/21; Pa.R.Crim.P. 600(A)(2)(a). Therefore, the mechanical run date for the Commonwealth to bring Appellant to trial was Monday, October 3, 2022. *See McCarthy*, 180 A.3d at 376 (stating that "[w]hen calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S. § 1908") (subsequently am. eff. Jan. 1, 2024) (citation omitted)).[8]

_____

[7] The Concurrence points out that Appellant failed to explain his Rule 600 calculation results in his brief, and on this basis would find that Appellant failed to persuade how the trial court erred. Concurring Op. at 1-2. While we agree that Appellant failed to identify the basis of his Rule 600 calculation results, the appeal presents a cognizable Rule 600 claim that can be reviewed. *See, e.g.*, *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003) (declining to find issues that this Court was able to discern from the appellant's brief waived).

[8] The Concurrence asks if it is appropriate to apply 1 Pa.C.S. § 1908, "Computation of Time," to a Rule 600 **mechanical** run date, and suggests that Section 1908 should be applied **only** to a Rule 600 **adjusted** run date, noting that *McCarthy* applied Section 1908 to an adjusted run date rather than a mechanical run date. Concurring Op. at 2. The Concurrence cites no authority for this proposed limitation to the application of Section 1908. *Id.* at 2-3. The Rule 600 mechanical run date in *McCarthy* did not fall on a Saturday, Sunday, or legal holiday, and therefore was a date on which the Commonwealth could have brought the defendant to trial. *See McCarthy*, 180 A.3d at 375-76. The *McCarthy* Court did not hold that Section 1908 should **only** be applied to adjusted run dates; it applied this rule of statutory construction when a Rule 600 date happened to be a Saturday, Sunday, or

*(Footnote Continued Next Page)*

Appellant requested four continuances, which the trial court granted, and these four delays constituted excludable time. *See* Trial. Ct. Op., 9/8/23, at 5. Additionally, on December 19, 2022, Appellant's counsel did not appear at a scheduled pretrial conference. *See* Scheduling Order, 12/7/22; Trial Ct. Order, 12/20/22, at 1-2 (unpaginated). The trial court noted in its post-conference order that, "[a]t this juncture, the Court is not aware of the cause for the absence of [Appellant's counsel]." Trial Ct. Order, 12/20/22, at 1. The trial court further noted:

> The court, on its own motion, transfers this case to the March term of criminal court. [] No time will be chargeable against the Commonwealth under Rule 600 for the reason that this continuance has been necessitated as a consequence of the absence of [Appellant's counsel], who was unable to participate at the prehearing conference that was scheduled for today.

*Id.* at 2 (formatting altered).

At Appellant's Rule 600 hearing, the trial court discussed the cause of this fifth delay, stating:

> Remember, then on December 1[9], 2022, we had a Pretrial Conference and defense counsel was not present, and I, for that reason, then continued the case to March. And that time I

_____

legal holiday, as directed by the plain text of Section 1908. *Id.* We do the same here.

The Concurrence speculates that repeated applications of Section 1908 to a Rule 600 calculation may result in additional days of excludable time that may change the outcome of a Rule 600 motion in favor of the Commonwealth. Concurring Op. at 3. We note that here our singular application of Section 1908 does not change the conclusion that Appellant's Rule 600 rights were not violated, and we decline to address the hypothetical scenario described by the Concurrence because that it is not a matter before us.

- 11 -

> expressly excluded from applying to the Commonwealth, because
> we needed to know at that time where we were going in terms of
> management of the case.

N.T. Rule 600 Hr'g, 6/2/23, at 4. Further, although the trial court did not include this fifth period of delay in its Rule 600 analysis, the court found that the delay was also attributable to Appellant and is therefore excludable.[9] **See** Pa.R.Crim.P. 600, Cmt., Computation of Time.

Following our review of the record, we agree with the trial court that the following periods of delay are attributable to Appellant and are therefore excludable. First, the fifty-six days from March 14, 2022 to May 9, 2022 were based on the trial court's order granting Appellant's February 28, 2022 request for a continuance. **See** Scheduling Form, 11/19/21; Appellant's Mot. to Continue, 2/28/22; Trial Ct. Order, 3/1/22; Scheduling Form, 3/3/22. The thirty-five days from May 9, 2022 to June 13, 2022 were based on Appellant's continuance request from April 20, 2022. **See** Appellant's Mot. to Continue, 4/20/22; Trial Ct. Order, 4/28/22; Scheduling Form, 4/28/22. Likewise, the ninety-one days from June 13, 2022 to September 12, 2022 were based on Appellant's continuance request from June 3, 2022. **See** Appellant's Mot. to Continue, 6/3/22; Trial Ct. Order, 6/9/22; Scheduling Form, 6/9/22. Further,

---

[9] The trial court added 228 days, the excludable time caused by Appellant's four continuance requests, to the mechanical run date to arrive at an adjusted run date of June 6, 2023. Trial Ct. Op., 9/8/23, at 4-5. Adding 228 days to October 3, 2022, however, yields an adjusted run date of May 19, 2023, which indicates a Rule 600 violation. When we add in the fifth period of excludable time, however, it is clear that Appellant's Rule 600 rights were not violated.

the forty-six days from September 22, 2022,[10] to November 7, 2022 were based on Appellant's continuance request from September 22, 2022. ***See*** Appellant's Mot. to Continue, 9/22/22; Trial Ct. Order, 9/22/22; Scheduling Form, 9/22/22. Lastly, the sixty-three days from January 9, 2023, to March 13, 2023 were due to Appellant's counsel failing to appear at the December 19, 2022 pretrial conference. ***See*** Scheduling Order, 12/7/22; Trial Ct. Order, 12/20/22; Scheduling Form, 12/20/22.

The sum of these five[11] periods of delay is 291 days. Applying 291 days to the mechanical run date of October 3, 2022 results in an adjusted run date of July 21, 2023. Appellant filed his motion to dismiss alleging a Rule 600 violation on May 11, 2023, and a hearing on the issue was held on June 2, 2023. Appellant's Mot. to Dismiss, 5/11/23; N.T. Rule 600 Hr'g, 6/2/23. Also as noted above, Appellant tendered his guilty plea on June 13, 2023. ***See*** N.T. Guilty Plea Hr'g, 6/13/23, at 1-15.

Given the "consideration owed to the trial court's factual findings and analysis, where supported by the record, in resolving motions for dismissal[,]"

---

[10] The record shows that as of September 22, 2022, the last docketed scheduling form set a trial start date of September 12, 2022. Scheduling Form, 4/28/22. There is no indication in the record of whether September 12, 2022, remained the trial start date when Appellant filed a motion to continue on September 22, 2022.

[11] The trial court identified an additional period of delay arguably attributable to Appellant, based on the motion of a co-defendant. ***See*** Trial Ct. Op., 9/8/23, at 5 n.10. However, we need not consider whether this additional delay can be attributed to Appellant as the five delays already identified are sufficient to resolve Appellant's claim.

and the "degree of deference" we give to a trial court's determinations, we discern no abuse of discretion in the trial court's denial of Appellant's Rule 600 motion. **See Womack**, 315 A.3d at 1237, 1240 n.8. Viewing the facts in the light most favorable to the Commonwealth as the prevailing party, the record shows that Appellant's Rule 600 motion to dismiss, the Rule 600 hearing, and Appellant's entry of a guilty plea all occurred prior to the adjusted run date. **See id**.; **McCarthy**, 180 A.3d at 376. Appellant's tender of a guilty plea on June 13, 2023 terminated the Commonwealth's obligation to bring Appellant to trial by the deadline mandated by Rule 600. **See** Pa.R.Crim.P. 600(A)(1), (D)(1). Therefore, the Commonwealth did not violate Appellant's Rule 600 right to a speedy trial, and Appellant is not entitled to relief on this claim.

Accordingly, we affirm.

Judgment of sentence affirmed. Motion to quash denied. Jurisdiction relinquished.

Judge Dubow joins the opinion.

Judge Kunselman files a concurring opinion in which Judge Dubow joins.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/11/2024