J-A09040-24

2024 PA Super 206

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYDEN ISAIAH SPEED | : | |
| | : | |
| Appellant | : | No. 900 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 10, 2023
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0001068-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

CONCURRING OPINION BY KUNSELMAN, J.: **FILED: September 11, 2024**

I agree with the Majority that Jayden Isaiah Speed preserved his ability to challenge the trial court's ruling on his motion under Pennsylvania Rule of Criminal Procedure 600.  On the merits, I respectfully concur in the result.  I write separately for two reasons.

First, this case illustrates the importance of good advocacy.  Explaining its reasoning, the trial court provided a detailed analysis of four periods of delay caused by Speed's continuance requests, totaling 228 days of excludable time.  Trial Court Opinion, 9/8/23, at 7.  The trial court suggested two other periods that "may be excludable," one of which the Majority endorses in its thorough calculations.  *Id.* at 7 n.10; Majority Opinion, at 10–12.

Speed's task, therefore, is to point to where and why the trial court was wrong. To do so, Speed's seven-page brief quotes Rule 600 and cites one case to define "mechanical run date." The "Analysis" section reads in full:

> The defendant was charged and arrested on October 1, 2021. A period of 587 days had elapsed between the charge/arrest dates and the date of the hearing on the motion to dismiss. There are four defense requests for continuance of trial. That would necessitate a maximum total of 124 days excluded from the mechanical run date. On the day of the hearing on the motion to dismiss 463 days can be attributable to the commonwealth.

Speed's Brief, at 7.[1]

Simply put, Speed fails to persuade me that the trial court erred. Speed does not explain how his four continuance requests should total 124 days or how the Commonwealth is responsible for 463 days of delay. Speed does not meaningfully elaborate on the trial court's suggestion that two other periods of delay "may be excludable." Because Speed gives no details on how he arrived at his calculations, I would affirm the trial court's ruling.

Second, I note the Majority's application of the Statutory Construction Act, 1 Pa.C.S.A. § 1908 ("Computation of time"), in its Rule 600 analysis. This provision extends a time limit when there is a weekend or holiday. It applies to an analysis under Rule 600. ***Commonwealth v. McCarthy***, 180 A.3d 368, 376 (Pa. Super. 2018). I question only whether the Majority has applied Section 1908 at the correct stage of its Rule 600 analysis.

---

[1] Speed recognizes the delay caused by his attorney's failure to appear but fails to engage with Rule 600's distinct treatment of such delay for purposes of nominal bail versus dismissal of charges. Rule 600(C)(1), (2).

Here, the Majority adjusts the mechanical run date in this case **before** adding the excludable time to arrive at an adjusted run date. Majority Opinion, at 10. Based on the function of Rule 600 computations, I think the better practice is to apply Section 1908's weekend/holiday extension **after** adding any excludable time to reach an adjusted run date. This more closely follows the method used in **McCarthy**. It avoids the potential for extending the Rule 600 run date twice—first for the mechanical run date and then for the adjusted run date.[2]

Under these facts, the precise application of Section 1908 is not essential to resolving the case before us. This issue is open for clarification in a future case where it is dispositive. Then, with the benefit of full advocacy, we can determine the correct order of adjustments and extensions under Rule 600. With this in mind, I respectfully concur in the result.

Judge Dubow joins the concurring opinion.

---

[2] For example, if there had been one more day of excludable delay, the adjusted run date under the Majority's calculation would have fallen on Saturday, July 22, 2023. Would the Commonwealth then receive two more days for a total of four days of extension under Section 1908?